Dear Mr. Prejeant:
On behalf of Terrebonne Parish Recreation District No. 10, you have requested the opinion of this office regarding "public funding or contributions" by the Terrebonne Parish Consolidated Government ("Terrebonne") to Houma Babe Ruth, Inc., a private corporation. According to your correspondence, Houma Babe Ruth, Inc. arranges, coordinates and conducts private baseball tournaments (for profit) in Terrebonne Parish. Terrebonne has provided $24,000 ($10,000 in 1992 and $14,000 in 1993) to Houma Babe Ruth, Inc., to assist it in obtaining the right to and holding a national tournament, presumably in Terrebonne Parish.
You have advised that the sums provide to Houma Babe Ruth, Inc. came from a "recreation account" which is funded by a 2.16 mil parishwide tax dedicated by the electorate ". . . for the purpose of constructing, maintaining and operating recreation facilities . . ." in Terrebonne Parish. The Recreation District is interested in determining whether Terrebonne's funding to Houma Babe Ruth, Inc.'s tournaments violates the constitution or laws of this state, since such funding diminishes the dedicated funds which would otherwise be available for budgeting to the recreation districts in Terrebonne Parish.
As you are aware, La. Const. Art. VII, Sec. 14 prohibits the state and its political subdivisions from loaning, pledging or donating "funds, credit, property, or things of value to or for any person, association, or corporation, public or private". In accordance with City of Port Allen v. Louisiana MunicipalRisk Management Agency, 439 So.2d 399 (La. 1983), Art. VII, Sec. 14 is violated "whenever the State or a political subdivision seeks to give up something of value when it is under no legal obligation to do so".
Pursuant to the City of Port Allen decision, it is the opinion of this office that Terrebonne cannot donate funds to Houma Babe Ruth, Inc.
We also call your attention to La. Const. Art. VI, Sec.26(B), which governs special millages and provides as follows:
 "When the millage increase is for other than general purposes, the proposition shall state the specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition." (emphasis added).
In addition, La. Const. Art. VI, Sec. 32, governing special taxes states:
 "For the purpose of acquiring, constructing, improving, maintaining or operating any work of public improvement, a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose." (emphasis added).
Furthermore, La. R.S. 39:704 states, in pertinent part:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied." (emphasis added).
Based upon the foregoing provisions of law, it is the opinion of this office that the revenues generated by the millage in question cannot be used for any purpose other than those sanctioned by the electorate in accordance with the proposition, which provided only for construction, maintenance, and operation of parish recreation facilities. In our opinion, the proposition which generated the millage in question does not contemplate the use of the proceeds for assisting a private entity with the production or operation of private tournaments or events.
We note that Terrebonne could enter into a cooperative endeavor agreement with a private corporation, and pursuant thereto transfer public funds (from the parish general fund) to the private corporation. Such a transfer must, however, be made "in the discharge of the [parish's] constitutional or legal duties", and the funds must be accepted by the private corporation "with a commitment to assist the [parish] in carrying out its constitutional or legal duties". Guste v. NichollsCollege Foundation, 564 So.2d 682 (1983). Enclosed herewith is a copy of Atty. Gen. Op. 93-787, which discusses cooperative endeavor agreements in some detail.
Hoping this opinion adequately addresses your questions, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General